NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
JEFFREY M. CHEMERINSKY (Cal. Bar No. 270756)
JOSEPH D. AXELRAD (Cal. Bar No. 274580)
Assistant United States Attorney
Violent & Organized Crime Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-7964
    Facsimile: (213) 894-0141
    E-mail:   joseph.axelrad@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>PAUL GARY WALLACE,<br><br>    Defendants. | No. CR 20-293-AB<br><br>STIPULATION AND JOINT REQUEST FOR A PROTECTIVE ORDER REGARDING DISCOVERY CONTAINING CONFIDENTIAL WITNESS INFORMATION<br><br>[PROPOSED ORDER FILED SEPARATELY] |

    Plaintiff, United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Jeffrey M. Chemerinsky and Joseph D. Axelrad, and defendant Paul Gary Wallace ("defendant"), by and through his counsel of record, Shaun Khojayan (collectively the "parties"), for the reasons set forth below, request that the Court enter the proposed protective order (the "Protective Order") governing the use and dissemination of certain information.

Introduction and Grounds for Protective Order

1. On July 16, 2020, defendant was charged in the Indictment with violations of 18 U.S.C. § 1962(d): Racketeer Influenced and Corrupt Organizations Conspiracy; 18 U.S.C. §§ 924(c)(1)(A)(ii), (iii), (j)(1): Use and Carry a Firearm During and in Relation to, and Possess a Firearm in Furtherance of, a Crime of Violence, Resulting in Death

2. Defendant is detained pending trial.

3. A protective order is necessary because a significant majority of the discovery in this case relates to two separate murder investigations, the documentation of which is replete with information regarding witnesses, witness statements, Cooperating Witnesses, and various other personal identifying information (hereafter, the "Protective Order Discovery").

4. Because this Protective Order Discovery could be used to identify witnesses and document their cooperation with law enforcement, the government believes that the unauthorized dissemination or distribution of these materials may expose the various witnesses, cooperating or otherwise, to potential safety risks.

5. The purpose of the Protective Order is to (a) allow the government to comply with its discovery obligations while protecting this sensitive information from unauthorized dissemination, and (b) provide the defense with sufficient information to adequately represent defendant.

Definitions

6. The parties agree to the following definitions:

      a. "Protective Order Discovery" includes any information relating to the 2003 investigation of R.P.'s murder, 2014 investigation of R.B.'s murder, a confidential informant or witness's prior criminal history, statements of any witnesses cooperating or otherwise, or any other information that could be used to identify a confidential witness or witness, such as a name, image, address, date of birth, or unique personal identification number, such as a Social Security number, driver's license number, account number, or telephone number.

      b. "Defense Team" includes (1) defendant's counsel of record ("defense counsel"); (2) other attorneys at defense counsel's law firm who may be consulted regarding case strategy in this case; (3) defense investigators who are assisting defense counsel with this case; (4) retained experts or potential experts, including any capital legal consultants; and (5) paralegals, legal assistants, and other support staff to defense counsel who are providing assistance on this case.  The Defense Team does not include defendant, defendant's family members, or any other associates of defendant.

      c. Cooperating Witnesses are those individuals with whom the government has entered into an agreement for their cooperation.

<u>Terms of the Protective Order</u>

7. The parties jointly request the Court enter the Protective Order, which will permit the government to produce Protective Order Discovery in a manner that preserves the privacy and security of third parties.  The parties agree that the following conditions in the Protective Order will serve these interests:

      a. The government is authorized to provide defense counsel with Protective Order Discovery marked with the following

legend: "CONFIDENTIAL INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE ORDER." The government may put that legend on documents or digital medium (such as DVD or hard drive) or simply label a digital folder on the digital medium to cover the content of that digital folder. The government may also redact any personal identifying information contained in the production of Protective Order Discovery.

   b. If defendant objects to a designation that material falls within the Protective Order Discovery, the parties shall meet and confer. If the parties cannot reach an agreement regarding defendant's objection, defendant may apply to the Court to have the designation removed.

   c. Defendant and the Defense Team agree to use the Protective Order Discovery solely to prepare for any pretrial motions, plea negotiations, trial, and sentencing hearing in this case, as well as any appellate and post-conviction proceedings related to this case.

   d. Following the government's production of protective order discovery, to the extent defendant is not able to conduct a meaningful independent investigation based on the government's redactions, the parties shall meet and confer regarding specific pages of specific documents and seek to resolve any issues, up to and including the government providing defendant with the name and year of birth of the witness, to the extent the government believes such information can be provided while ensuring witness safety. This provision does not apply to Cooperating Witnesses.

   e. The Defense Team shall not permit anyone other than the Defense Team to have possession of Confidential Information, including defendant, while outside the presence of the Defense Team.

<u>At no time, under no circumstance, will any Protective Order Discovery be left in the possession, custody, or control of defendant, regardless of defendant's custody status</u>.

   f. Defendant may see and review Protective Order Discovery as permitted by this Protective Order, but defendant may not copy, keep, maintain, or otherwise possess any Protective Order Discovery in this case at any time. Defendant also may not write down or memorialize any data or information contained in the Protective Order Discovery.

   g. The Defense Team may review Protective Order Discovery with a witness or potential witness in this case, including defendant. Defense counsel must be present whenever any Protective Order Discovery are being shown to a witness or potential witness. Before being shown any portion of Protective Order Discovery, however, any witness or potential witness must be informed of, and agree to be bound by, the requirements of the Protective Order. No member of the Defense Team shall permit a witness or potential witness to retain Protective Order Discovery or any notes generated from Confidential Information.

   h. The Defense Team shall maintain Protective Order Discovery safely and securely, and shall exercise reasonable care in ensuring the confidentiality of those materials by (1) not permitting anyone other than members of the Defense Team, defendant, witnesses, and potential witnesses, as restricted above, to see Protective Order Discovery; (2) not divulging to anyone other than members of the Defense Team, defendant, witnesses, and potential witnesses, the contents of Protective Order Discovery; and (3) not permitting Protective Order Discovery to be outside the Defense

Team's offices, homes, vehicles, or personal presence. Protective Order Discovery shall not be left unattended in any vehicle.

  i. To the extent that defendant, the Defense Team, witnesses, or potential witnesses create notes that contain, in whole or in part, Protective Order Discovery, or to the extent that copies are made for authorized use by members of the Defense Team, such notes, copies, or reproductions become Protective Order Discovery subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

  j. The Defense Team shall use Protective Order Discovery only for the litigation of this matter and for no other purpose. Litigation of this matter includes any appeal filed by defendant and any motion filed by defendant pursuant to 28 U.S.C. § 2255.

  k. In the event that a party needs to file Protective Order Discovery with the Court or divulge the contents of Protective Order Discovery in court filings, the party must first meet and confer to determine whether the document or information is appropriately redacted or limited and, if no agreement can be reached on the filing, the filing should be made under seal.

  l. If the Court rejects the request to file such information under seal, the party seeking to file such information publicly shall provide advance written notice to the other party to afford such party an opportunity to object or otherwise respond to such intention. If the other party does not object to the proposed filing, the party seeking to file such information shall redact any Protective Order Discovery and make all reasonable attempts to limit the divulging of CI Materials.

      m.    The parties agree that any Protective Order Discovery inadvertently produced in the course of discovery prior to entry of the Protective Order shall be subject to the terms of the Protective Order.  If Protective Order Discovery was inadvertently produced prior to entry of the Protective Order without being marked "CONFIDENTIAL INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE ORDER," the government shall reproduce the material with the correct designation and notify defense counsel of the error.  The Defense Team shall take immediate steps to destroy the unmarked material, including any copies, to the extent such destruction is consistent with the California Business and Professions Code and the Rules of Professional Conduct.

      n.    Protective Order Discovery shall not be used by the defendant or Defense Team, in any way, in any other matter, absent an order by this Court.  All materials designated subject to the Protective Order maintained in the Defense Team's files shall remain subject to the Protective Order unless and until such order is modified by this Court.  Within 30 days of the conclusion of appellate and post-conviction proceedings, defense counsel shall return Protective Order Discovery to the government or certify that such materials have been destroyed or, as an alternative, defense counsel can certify that such materials are being kept pursuant to the California Business and Professions Code and the Rules of Professional Conduct.

      o.    In the event that there is a substitution of counsel prior to when such documents must be returned, new defense counsel must be informed of, and agree in writing to be bound by, the requirements of the Protective Order before the undersigned defense

7

counsel transfers any Confidential Information to the new defense counsel.  New defense counsel's written agreement to be bound by the terms of the Protective Order must be returned to the Assistant U.S. Attorney assigned to the case.  New defense counsel then will become the Defense Team's custodian of materials designated subject to the Protective Order and shall then become responsible, upon the conclusion of appellate and post-conviction proceedings, for returning to the government or certifying the destruction of all Protective Order Discovery.

     p.   Defense counsel agrees to advise defendant and all members of the Defense Team of their obligations under the Protective Order and ensure their agreement to follow the Protective Order, prior to providing defendant and members of the Defense Team with access to any materials subject to the Protective Order.

     q.   Defense Counsel has conferred with defendant regarding this stipulation and the proposed order thereon, and defendant agrees to the terms of the proposed order.

//
//

r.  Accordingly, the parties have agreed to request that the Court enter a protective order in the form submitted herewith.

IT IS SO STIPULATED.

DATED: July __, 2020          NICOLA T. HANNA
                              United States Attorney

                              BRANDON D. FOX
                              Assistant United States Attorney
                              Chief, Criminal Division


                              /s/ Joseph Axelrad on 8/3/2020
                              _____
                              JOSEPH D. AXELRAD
                              JEFFREY M. CHEMERINSKY
                              Assistant United States Attorney

                              Attorneys for Plaintiff
                              UNITED STATES OF AMERICA


                              *Shaun Khojayan* (signature)

DATED: July 30, 2020          _____
                              SHAUN KHOJAYAN
                              Attorney for Defendant
                              PAUL GARY WALLACE

9