AMY E. JACKS (SBN 155681)
Law Office of Amy E. Jacks
315 E. 8th St. #801
Los Angeles, CA 90014
(213) 489-9025
(213) 489-9027 (fax)
amyejacks@sbcglobal.net

SHAUN KHOJAYAN (SBN 197690)
LAW OFFICES OF SHAUN KHOJAYAN
& ASSOCIATES, P.L.C.
515 S. Flower Street, 19th Floor
Los Angeles, CA 90071
(310) 274-6111
(310) 274-6211 (fax)
shaun@khojayan.com

Attorneys for Defendant
PAUL GARY WALLACE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PAUL GARY WALLACE, et al.,<br><br>Defendant. | Case No.: CR 20-293-AB-1<br><br>**DEFENDANT WALLACE'S MOTION IN LIMINE TO PRECLUDE STATEMENTS REGARDING SHOOTING EVERYONE, DEVIL WORSHIP AND ANIMAL ABUSE** |

PLEASE TAKE NOTICE that on January 6, 2022, at 10:00 am, or on any date and time as the Court may order, in Courtroom 7B the above-captioned Court, United States Courthouse, 350 West First Street, Los Angeles, CA 90012, before the Honorable Andre Birotte Jr., Defendant, Paul Gary Wallace, by and

through counsel Shaun Khojayan and Amy E. Jacks, will move in limine for an order precluding the government from offering evidence from the KevMac YouTube videos regarding Wallace's statements about shooting everyone, devil worship and animal abuse.

Defendant's motion is based on this motion in limine, the attached memorandum of points and authorities, the files, records and transcripts in this case, and such further evidence and argument as the Court may permit at a hearing on this matter.

DATED: December 6, 2021

Respectfully submitted,

*/s/ Amy E. Jacks*
AMY E. JACKS
Attorney for Defendant
PAUL GARY WALLACE

*/s/ Shaun Khojayan*
Shaun Khojayan
Attorney for Defendant
PAUL GARY WALLACE

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Introduction

A grand jury returned an indictment against defendant Paul Gary Wallace on July 16, 2020, charging Mr. Wallace with Count 1, conspiracy to commit racketeering in violation of 18 U.S.C. § 1962(d) and Count 2, aiding and abetting the use of a firearm during a crime of violence (murder) resulting in death in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii), (iii), (j)(1), 2(a). The allegations against Mr. Wallace are based on his alleged participation in the East Coast Crips ("ECC"), a South Los Angeles street gang.

By letter dated November 3, 2021, the government informed Mr. Wallace that it intended to offer evidence from two interviews of Mr. Wallace by YouTube video internet personality "KevMac" in the fall of 2019. Relevant to this motion in limine, the government has stated that it intends to offer Mr. Wallace's statements from the video entitled Series 2 Part 5 where Mr. Wallace discusses shooting everyone after he was shot and paralyzed because he "wanted everybody to walk with a limp," the origins of his devil worship and a satanic ritual he performed by shooting a dog in an alley and cutting its feet off to put curses on rival street gangs.[1] A copy of the government's notice is attached as Exhibit 1 and a transcript of the Series 2 Part 5 video is attached as Exhibit 2, with the portion of the discussion about devil worship and animal mutilation highlighted beginning at page 2.

Mr. Wallace seeks to preclude the government from offering any and all of the statements highlighted in Exhibit 2 on the basis that the statements are irrelevant to any of the alleged racketeering activity alleged and pursuant to Rule

[1] The government also noticed its intent to introduce additional statements from this video which are the subject of anther MIL seeking to preclude statements quoted in the indictment Count 1 Overt Act 26.

403 because their probative value is substantially outweighed by the danger of unfair prejudice to Mr. Wallace and the likelihood that they will confuse the issues and mislead the jury.

## II. Argument

### A. The statements regarding devil worship and animal abuse are irrelevant to the allegations contained in the indictment.

Mr. Wallace's statements in the KevMac video about devil worship and animal abuse are not probative of any of the racketeering activity charged in the indictment which is limited to multiple acts involving murder, extortion, drug trafficking and witness tampering. *See* Doc. 1, Indictment at Count 1, ¶¶A(1)(a)-(d). The statements are not evidence of the means by which the alleged racketeering conspiracy would be accomplished. *See* Doc. 1, Indictment ¶¶ B(1)-(6). And the statements are not evidence of the racketeering enterprise. In fact, according to the statements the government wants to offer, fellow ECC members wanted nothing to do with devil worship and laughed at Wallace's antics. *See* Exhibit 2 at p. 3. The statements are irrelevant to the charges at issue and should be excluded.

### B. The statements about shooting everyone and wanting everyone to walk with a limp are irrelevant to the allegations in the indictment.

The government cannot connect Wallace's statements that after he was shot and paralyzed he started shooting everybody and wanted everyone to walk with a limp to any of the shooting allegations contained in the indictment. And, when considered in the context of the discussion, Wallace is referencing his feelings and activity from the late 1980's, not activity 10-20 years later in 2003-2014, the only shootings alleged in the indictment. These statements are irrelevant to the charges at issue and should be excluded.

### C. The statements are inadmissible character evidence.

Fed. R. Evid. 404(a)(1) provides that evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait. Fed. R. Evid. 404(b)(1) provides that evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

As the Advisory Committee notes, "[c]haracter evidence is of slight probative value and may be very prejudicial. It tends to distract the trier of fact from the main question of what actually happened on the particular occasion. It subtly permits the trier of fact to reward the good man to punish the bad man because of their respective characters despite what the evidence in the case shows actually happened."

The government seeks to admit Mr. Wallace's statements in the KevMac video about shooting everyone, satan worship and animal abuse to show that he is a violent, distasteful person. That is quintessential character evidence that should be precluded pursuant to Fed. R. Evid. 404(a)(1) and 404(b)(1).

**D. Because the statements are not probative of any allegation in the indictment, their probative value is substantially outweighed by the danger of unfair prejudice to Mr. Wallace and the likelihood that they will confuse the issues and mislead the jury.**

Fed. R. Evid. 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

Mr. Wallace's statements to the effect that he wanted everyone to walk with a limp, has worshiped the devil and has abused and maimed innocent animals prove nothing about the alleged RICO conspiracy and 2014 murder with

a firearm. As such, the statements have little if any probative value to the issues that the jury will be asked to decide, namely, has the government proven beyond a reasonable doubt that Mr. Wallace conspired to violate RICO and aided and abetted the firearm murder of Reginald Brown.

If the statements are admitted, it is highly likely that the jury will make improper use of them as character evidence, reasoning that because Mr. Wallace is a self-admitted random shooter, devil worshiper and animal abuser, then he must have committed the cruel and atrocious acts charged in the indictment. This creates a danger of unfair prejudice to Mr. Wallace.

Admission of the statements is also likely to confuse the issues and mislead the jury. Instead of deciding the critical question of whether the government has proven the truth of the charges beyond a reasonable doubt, the jury is likely to be distracted from their task by the moral conundrum presented by holding the government to its burden of proof vs. acquitting an admitted random shooter, devil worshiper and animal abuser who may not have been proven to have committed the murders alleged in this case.

In this situation, whatever probative value the statements have, if any, is substantially outweighed by the danger that admission of the statements will unfairly prejudice Mr. Wallace, confuse the issues, and mislead the jury. The statements should be precluded.

**E. Given their context, the statements are not reliable.**

The statements were made in videos designed to appeal to youth who may be aspiring towards the gang lifestyle. In the videos, Mr. Wallace emphasizes his gang bona fides in an effort to gain street credibility or, what is know in gang intervention parlance as a "license to operate." Mr. Wallace's ability to influence gang-oriented youth depends upon their perception of him having come from circumstances similar to theirs and having been a real gangster. If they believe he

lived the life, then they are more likely to listen to his advice about how it leads to nowhere. Throughout the videos, Mr. Wallace's comments are braggadocious and exaggerated in his attempt to gain respect from these youth. By describing bad decisions he made, pitfalls he encountered, and pain he experienced, Mr. Wallace was trying to get the attention of the audience and provide them with a reason to embrace his message of non-violence. Under these circumstances, Mr. Wallace's statements lack sufficient indicia of reliability to be presented by the government as evidence in this criminal case.

## III. Conclusion

For the reasons stated herein the Court should preclude the government from presenting Mr. Wallace's statements in the KevMac video about shooting everyone, devil worship and animal abuse highlighted in Exhibit 2.

Respectfully submitted,

/s/ *Amy E. Jacks*
AMY E. JACKS

/s/ *Shaun Khojayan*
SHAUN KHOJAYAN

Attorneys for Defendant
PAUL GARY WALLACE